Filed 6/23/23  Saba v. Princess Cruise Lines CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| GEORGE A. SABA, | |
| Plaintiff and Appellant, | E079654 |
| v. | (Super.Ct.No. CVRI2201832) |
| PRINCESS CRUISE LINES, LTD., | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Irma Poole Asberry, Judge.  Affirmed.

George A. Saba, in pro. per, for Plaintiff and Appellant.

Gordon Rees Scully Mansukhani, André M. Picciurro and Andrea K. Williams for Defendant and Respondent.

1

Plaintiff and appellant George A. Saba (Saba) appeals from an order dismissing his complaint against defendant and respondent Princess Cruise Lines, Ltd. (Princess)[1] based on a forum selection clause included in the agreement between the parties. We affirm.

## I. PROCEDURAL BACKGROUND AND FACTS

Princess is a Bermuda corporation with its principal place of business and base of operations in Santa Clarita, California. Saba is a Princess customer, who has cruised on its ships "at least 23 times" and earned the "'Elite'" passenger status. On June 7, 2021, Saba booked a cruise for himself and his wife aboard Majestic Princess departing from Los Angeles on December 4, 2021. Princess' booking confirmation form was sent to Saba on June 7, August 13, and November 3, 2021. It includes the following language:

"**IMPORTANT NOTICE**: Upon booking the Cruise, each Passenger explicitly agrees to the terms of the Passage Contract (www.princess.com/legal/passage_contract/index.jsp). Please read all sections carefully as they affect the passenger's legal rights."

On or about June 19, 2021, Saba's wife was diagnosed with Guillain-Barre Syndrome (GBS), which caused her to be paralyzed from the waist down. On October 21, 2021, Saba e-mailed Kreykes, a Princess agent and cruise vacation planner, asking to cancel "the December 4 cruise and book in 2022," and to apply the money paid to the

---

[1] Saba references defendant Melissa Kreykes as a respondent throughout his opening brief. However, the record does not reflect that Kreykes has ever appeared in this action. Rather, Saba obtained a default against her on August 3, 2022. Princess alone moved to dismiss Saba's complaint.

Also, Saba designated Does 1, 2, and 3 as Jan Swartz, Gordon Ho, and Dana Berger, respectively.

2022 cruise. Kreykes honored Saba's request, but on November 2, 2021, at 2:08 p.m., he asked her to cancel the December 2022 cruise and return their (Saba and his wife) deposit. In response, Kreykes informed him that because he did not have "Princess Vacation Protection," he would incur a cancelation penalty in the form of a partial fare forfeiture and refund of the remaining, nonpenalty amount. However, the "Cruise with Confidence" or "Book with Confidence" policy allowed the cancelation penalty to be converted into future cruise credits (FCCs) to be used for a future cruise. Kreykes included the link to the website that covers the "Cruise with Confidence" policy ("https://www.princess.com/plan/cruise-with-confidence/cancellation-final payment-policy/"). Shortly thereafter, Saba responded: "Freda still refuses to pay any cancellation fees. [¶] She decided to cruise as scheduled on 12/4/21 so do not cancel this cruise and asked me to push her wheelchair during the cruise. [¶] Meanwhile, please refer the matter to your customer service." Saba spoke with Kreykes, with a confirming e-mail on November 3, 2021, and instructed her to reactivate the December 4, 2021 cruise, so they would not incur any cancelation fee. Kreykes again honored Saba's request, but two hours later, he informed her that "next month's cruise is too close" for his wife to travel; thus, he wanted a cruise in "May or June 2022," if any were available. Saba and his wife did not board the December 4, 2021, cruise.

On May 4, 2022, Saba initiated this action in the Superior Court of Riverside County against Princess and Kreykes for, inter alia, breach of contract, fraud, and negligent misrepresentation, arising out of defendants' alleged refusal to refund Saba's money in the amount of $1,400 after he canceled his December 4, 2021 cruise because of

3

his wife's sudden illness.  He alleges the defendants breached their agreement with him and misrepresented Princess' "Cruise with Confidence" policy.

Princess moved to dismiss the action pursuant to Code of Civil Procedure[2] sections 410.30, subdivision (a) and 418.10, subdivision (a)(2), based on the forum selection clause within the passage contract.  On August 10, 2022, over Saba's opposition, the trial court granted the motion and dismissed the case without prejudice.

## II.  DISCUSSION

"When a court upon motion of a party . . . finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."  (§ 410.30, subd. (a).)  Section 418.10 permits a defendant to file a motion to dismiss an action on the ground of inconvenient forum.  (§ 418.10, subd. (a)(2); *Cal-State Business Products & Services*, *Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1680 [forum selection clause enforced via a motion pursuant to Code Civ. Proc., §§ 410.30 and 418.10].)

"There is a split of authority regarding the appropriate standard of review on whether a forum selection clause should be enforced through a motion to dismiss for forum non conveniens."  (*Quanta Computer Inc. v. Japan Communications Inc*. (2018) 21 Cal.App.5th 438, 446.)  "The majority of cases apply the abuse of discretion standard, not the substantial evidence standard."  (*Korman v. Princess Cruise Lines*, *Ltd*. (2019)

---

[2]  All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

4

32 Cal.App.5th 206, 214, fn. 6 (*Korman*).) We need not resolve that dispute here because the trial court correctly granted Princess' motion under either standard.

    *A. The Trial Court Properly Granted the Motion to Dismiss.*

    Saba contends Princess failed to sustain its burden of proof because it failed to submit any admissible evidence that the forum selection clause was reasonably communicated to him. He claims that "Princess never served [him] with the Passage Contract and [he] was never aware of the existence of one." He further contends the case law relied upon by Princess does not apply because he disputes being served with, or receiving, the passage contract or a ticket packet containing a passage contract, he never boarded a Princess vessel, he did not suffer injuries on the high seas, and he never entered an agreement with Princess stating that disputes would be settled in a "Los Angeles District Court." We reject Saba's contentions.

    In support of its motion, Princess offered the declaration of its Director of Claims Management, Dana Berger, who oversees and manages claims and litigation against Princess. She stated that she reviewed Saba's booking history and found that he booked a cruise for himself and his wife on June 7, 2021, and was assigned a unique booking No. 2D9L8T. Berger produced the document list for Saba, which identified the various documents (including the booking confirmation) that were sent to him via his e-mail address (gsaba001@gmail.com). The booking confirmation instructed Saba to carefully review the passage contract, which contains the forum selection clause. Berger provided a copy of the booking confirmation form which states: "**IMPORTANT NOTICE**: Upon booking the Cruise, each Passenger explicitly agrees to the terms of the Passage

Contract (www.princess.com/legal/passage_contract/index.jsp). Please read all sections carefully as they affect the passenger's legal rights." The website instructs guests to carefully read the terms of the passage contract that govern all dealings between them and Princess.[3]

Section 17(B) of the passage contract is entitled, "Forum and Jurisdiction for Legal Action." In relevant part, it provides: "i. <u>Claims for Injury, Illness or Death</u>: All claims or disputes involving Emotional Harm, bodily injury, illness to or death of any Guest whatsoever, . . . shall be litigated in and before the United States District Court for the Central District of California in Los Angeles, or as to those lawsuits over which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Los Angeles County, California, U.S.A., to the exclusion of the courts of any other country, state, city, municipality, county or locale. You consent to jurisdiction and waive any objection that may be available to any such action being brought in such courts. [¶] ii. <u>All Other Claims; Agreement to Arbitrate</u>: All claims other than for Emotional Harm, bodily injury, illness to or death of a Guest, whether based on contract, tort, statutory, constitutional or other legal rights, including without limitation alleged violations of civil

_____

[3] In relevant part, the instruction provides: "**IMPORTANT NOTICE TO GUESTS: PLEASE CAREFULLY READ THE FOLLOWING PASSAGE CONTRACT TERMS THAT GOVERN ALL DEALINGS BETWEEN YOU AND THE CARRIER (DEFINED BELOW), AFFECT YOUR LEGAL RIGHTS, AND ARE BINDING ON YOU TO THE FULL EXTENT PERMITTED BY LAW; PARTICULARLY . . . SECTION 17 LIMITING YOUR RIGHT TO SUE, IDENTIFYING THE FORUM FOR SUIT, REQUIRING ARBITRATION AND WAIVER OF JURY TRIAL FOR CERTAIN CLAIMS, AND WAIVING YOUR RIGHT TO ARREST OR ATTACH CARRIER'S VESSELS.**"

6

rights, discrimination, consumer or privacy laws, or for any losses, damages or expenses, relating to or in any way arising out of or connected with this Passage Contract or Guest's cruise, with the sole exception of claims brought and litigated in small claims court, shall be referred to and resolved exclusively by binding arbitration . . . located in the County of Los Angeles, California, U.S.A. to the exclusion of any other forum. . . . You consent to jurisdiction and waive any objection that may be available to any such arbitration proceeding in Los Angeles County. . . ."

Saba objected to Berger's declaration (and attached exhibits) on the grounds of lack of foundation/no personal knowledge and inadmissible hearsay. The trial court overruled his objections without any explanation or comments. ""'"In general, the trial court is vested with wide discretion in determining relevance and in weighing the prejudicial effect of proffered evidence against its probative value. Its rulings will not be overturned on appeal absent an abuse of that discretion."'"" (*Willis v. City of Carlsbad* (2020) 48 Cal.App.5th 1104, 1132.) On appeal, Saba does not argue the trial court abused its discretion in overruling his objections to Berger's declaration; rather, he reiterates them. Because Saba fails to challenge the court's ruling, he has forfeited any issue regarding this claim. (*Frittelli*, *Inc. v. 350 North Canon Drive*, *LP* (2011) 202 Cal.App.4th 35, 41; *Lopez v. Baca* (2002) 98 Cal.App.4th 1008, 1014-1015 [any issues concerning the correctness of the trial court's evidentiary rulings are waived when appellant fails to raise challenge].)

Consequently, Berger's declaration constitutes admissible evidence that the forum selection clause in the passage contract was reasonably communicated to Saba via booking confirmation e-mails. Although he argues he was never served with such contract, he does not deny having had an opportunity to read it. Saba need not have read the contract to be on notice of its terms. If the surrounding circumstances indicate that the passage contract was reasonably communicated to him, then he is deemed on notice of its terms. (*Walker v. Carnival Cruise Lines* (N.D.Cal. 1999) 63 F.Supp.2d 1083, 1087.)

"'A passage contract on a cruise ship is a maritime contract, and its interpretation is governed exclusively by maritime or admiralty law. [Citations.] The validity of a passage contract provision is to be interpreted by the general maritime law of the United States, not state law." (*Korman*, *supra*, 32 Cal.App.5th at p. 215; see *Wallis ex rel. Wallis v. Princess Cruises, Inc*. (9th Cir. 2002) 306 F.3d 827, 834 ["A cruise line passage contract is a maritime contract governed by general federal maritime law."].) Again, by booking the Princess cruise, Saba and his wife (guests of Princess) agreed to the terms of the passage contract, including the requirement that "resolution of any and all disputes between [Princess] and any Guest [(Saba and his wife)] shall be governed exclusively and in every respect by general maritime law of the United States," and that "[a]ll claims or disputes . . . shall be litigated in and before the United States District Court for the Central District of California in Los Angeles, or . . . before a court located in Los Angeles County." Because the passage contract defines, "You," Your," and "Guest," as "the

8

person(s) booking or purchasing the Cruise," Saba's act of booking the cruise subjected him to the forum selection clause; there was no requirement that he or his wife board the cruise ship.

"A forum-selection clause is prima facie valid and is to be enforced unless the resisting party shows enforcement would be unreasonable under the circumstances." (*Benefit Ass'n Internat. v. Superior Court* (1996) 46 Cal.App.4th 827, 835.) Saba failed to present any justification for ignoring the clause. Thus, the trial court properly enforced it by dismissing his action.

*B. The Trial Court Properly Dismissed the Action as to All Defendants.*

Saba contends the trial court erred in dismissing this action as to Kreykes and Doe defendants Swartz, Ho, and Berger. We disagree.

First, Saba argues that Kreykes was his travel advisor, and the passage contract equates such advisor as his "agent," who acts for him in making the arrangements for the cruise. The evidence shows, and Saba concedes via his verified complaint, that Kreykes was Princess' agent and employee; her title was cruise vacation planner. There is no evidence to support Saba's claim that she was a travel advisor or that the passage contract's reference to a travel advisor was directed at Princess' cruise vacation planner. Second, Saba asserts the trial court could not dismiss his action as to Kreykes because her default was entered seven days prior to the court's ruling on the motion to dismiss. However, Saba offers no support for this proposition other than his "belief" that "where a default of a defendant has been entered then the trial court loses all jurisdiction except

9

one, jurisdiction to entertain and rule on the defaulted defendant's motion to set aside default." With no authority to support his proposition, we reject it.

Finally, Saba argues that since Kreykes and the other individual defendants were not parties to the passage contract or named as moving parties in Princess' motion to dismiss, the trial court erred in dismissing the action as to them. Not so. The individual defendants were employed by Princess. Saba booked a cruise with Princess, and the passage contract contained an enforceable forum selection clause. Because the passage contract (including the forum selection clause) existed between Saba and Princess, it follows that it (including the forum selection clause) also applies to Princess' employees, who were its agents and closely involved in their employer's contractual relationship with Saba. (*Huong Que*, *Inc. v. Luu* (2007) 150 Cal.App.4th 400, 414 [agency encompasses the employment relationship]; *Manetti-Farrow*, *Inc. v. Gucci America*, *Inc.* (9th Cir. 1988) 858 F.2d 509, 514, fn. 5 ["'[A] range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.'"]; *Lu v. Dryclean-U.S.A. of California*, *Inc.* (1992) 11 Cal.App.4th 1490, 1494 [the fact that a defendant did not sign the agreement containing the forum selection clause does not render the clause unenforceable as to them].) "To hold otherwise would be to permit a plaintiff to sidestep a valid forum selection clause simply by naming a closely related party who did not sign the clause as a defendant." (*Lu v. Dryclean-U.S.A. of California*, *Inc.*, *supra*, at p. 1494.)

*C. The Passage Contract.*

Alternatively, Saba seeks to evade application of the forum selection clause by both attacking the terms in the passage contract and arguing the clause is a contract of

adhesion. He contends that because the term "dealings" was not defined in the passage contract, it is vague, ambiguous, and requires the contract be interpreted most strongly against Princess. We disagree. Dealings is defined as "friendly or business transactions." (See <https://www.merriam-webster.com/dictionary/dealing> [as of June 23, 2023].).) We apply this dictionary definition and consider the use of the word in the context of the entire passage contract. The contract begins by stating that its terms govern all "dealings between you and [Princess]," and then proceeds to address various issues that may arise from booking the cruise to being onboard the ship. Mindful of its dictionary definition, the use of "dealings" includes Saba's booking the cruise, which necessitated the passage contract. We do not agree that the word is vague or ambiguous.

Saba further contends that the forum selection clause is a contract of adhesion that is also unconscionable. Again, we disagree. "'A forum selection clause need not be subject to negotiation to be enforceable. [Citations.] Rather, a forum selection clause contained in a contract of adhesion, and thus not the subject of bargaining, is "enforceable absent a showing that it was outside the reasonable expectations of the weaker or adhering party or that enforcement would be unduly oppressive or unconscionable." [Citations.]' [Citation.] 'This rule "accords with ancient concepts of freedom of contract and reflects an appreciation of the expanding horizons of American contractors who seek business in all parts of the world.""' (*Korman*, *supra*, 32 Cal.App.5th at pp. 216-217.) A forum selection clause "'is considered unreasonable where "the forum selected would be unavailable or unable to accomplish substantial justice" or there is no "rational basis" for the selected forum.'" (*Id.* at p. 218.)

11

Here, Saba has presented no evidence that enforcement of the forum selection clause would be unreasonable on either of these bases.  Rather, he argues that the passage contract "did not fall within [his] reasonable expectations who is the weaker or 'adhering' party," and "it is unduly oppressive and 'unconscionable.'"  He further asserts that "Princess failed to provide [him] with a plain and clear notification of the Passage Contract and failed to show an understanding consent by [him]."  We find none of these arguments meritorious.

## III.  DISPOSITION

The order granting the motion to dismiss is affirmed.  Respondent is entitled to costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

RAPHAEL
J.

12